UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **RHONDA ESSAK,**<br><br>    Plaintiff,<br><br>v.<br><br>**JOSHUA SOSNOWSKI et al.,**<br><br>    Defendants. | 2:25-CV-11470-TGB-APP<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING RHONDA ESSAK'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br>(ECF NO. 6)** |

On May 16, 2025, Rhonda Essak filed a lawsuit against twenty-six parties, including several state judges, an insurance company, individuals with whom Essak has allegedly done business, and the Oakland County Sheriff's Department. *See* ECF No. 1. On July 22, 2025, Rhonda Essak filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. ECF No. 6, PageID.69. Essak requests an order preventing the Oakland County Sheriff's Department from enforcing a judgment against her issued by the Honorable Kwamé L. Rowe, a Circuit Judge on the Oakland County Circuit Court. *Id.* at PageID.72-74. In short, Essak asks the Court to intervene in ongoing state judicial proceedings. This Court cannot do so under the doctrine of *Younger* abstention. Therefore, Essak's Motion will be **DENIED**.

# I. BACKGROUND

The allegations in Essak's complaint cover a broad range of conduct and actions, and are difficult to follow. She attempts to state several causes of action. The Court has not yet reached Essak's petition to proceed in forma pauperis, which would require the Court to review Essak's complaint for frivolousness.

One of those causes of action relates to an alleged default judgment entered in state court on January 31, 2025, requiring Essak to remove a "hardwired swim spa" fixture from her home. *See* ECF No. 1, PageID.56; ECF No. 6, PageID.74. Essak alleges that on April 3, 2025, Judge Rowe imposed a lien on her property and threatened her with jail for failing to comply with the order. ECF No. 1, PageID.57. Essak states that she filed several motions to stop the order requiring her to remove the spa, to no avail. *Id.* Essak also states that she filed a motion for protective relief with the Michigan Court of Appeals. *Id.* at PageID.58.

Essak alleges that a hearing related to these issues was held in front of Judge Rowe on July 21, 2025. ECF No. 6, PageID.72. Essak appeared pro-se after her court-appointed counsel withdrew. *Id.* Essak states that Judge Rowe violated her due process rights by denying her the opportunity to address the court. *Id.* at PageID.72-73.

Essak's allegations related to Judge Rowe are as follows: Judge Rowe allowed parties in litigation against Essak to testify falsely. ECF No. 1, PageID.15. Judge Rowe retaliated against Essak for protected

2

activity by "[e]ntering sanctions and adverse judgments" and "rejecting or delaying filings" and "[l]abeling [Essak] 'frivolous'". *Id.* at PageID.30. Essak alleges that Judge Rowe "willfully abused civil legal processes to harm" Essak, including with "probation violations under the guise of lawful litigation[.]" *Id.* at PageID.31-32. Essak alleges this conduct by Judge Rowe violated federal law and the Constitution. *Id.* at PageID.46-47.

Essak also alleges that during a hearing before Judge Rowe, opposing counsel made "categorically extensive inflammatory false statements," including the allegation that Essak "possesses guns and is 'armed and dangerous." *Id.* at PageID.73. Essak denies these allegations. *Id.*

According to Essak, based on these allegations, "Judge Rowe authorized forced entry with law enforcement protection, directing that authorities 'be aware' of alleged weapons to properly protect themselves." *Id.* Essak states that "[t]his creates an imminent life-threatening situation where law enforcement, believing they face an armed and dangerous individual, may use excessive force during the forced entry scheduled for Friday morning, July 25, 2025, at 11:00 AM." *Id.*

Essak filed an exhibit in this case, which appears to be an order that Judge Rowe entered in Essak's pending litigation. *See* ECF No. 7. The attached order is a form that contains handwritten lines next to the term "Comment:", and purports to have come before Judge Rowe on

3

"Plaintiff, Rhonda Essak's, Violation of Probation Hearing." The Exhibit is not a certified copy, and this Court has no way of knowing if it is authentic, but the handwritten "Comment" reads:

> Plaintiff, Rhonda Essak, shall allow Motor City Hot Tubs, and an electrician, with the assistance of the Oakland County Sheriff's Department to retrieve Defendant Joshua Sosnowski's swim spa from Plaintiff's residence located at 3345 Giddings Blvd, Highland, MI on [J]uly 25, 2025 at 11:00 AM. Plaintiff shall leave the garage open [so] that the swim spa can be retrieved. If Plaintiff does not allow access to Plaintiff's residence to retrieve said sw[im] spa, the Oakland County Sheriff's Department shall force entry into Plaintiff's residence so that said swim spa can be retrieved. It is further ordered that Plaintiff's violation of probat[ion] hearing is adjourned to August 4, 2025, at 1:00 PM.

*Id.* at PageID.96-97 (The Court has inserted brackets with what it believes would be written in cases where the handwriting in the order appears to be cut off by how the document was scanned). The apparent order was signed by Judge Rowe, and dated July 21, 2025. *Id.* at PageID.97.

On July 23, 2025, Essak filed an apparent transcript from her hearing with Judge Rowe. ECF No. 8. In that hearing, Judge Rowe advised Ms. Essak "that we have gotten way beyond where we should be in a civil case." *Id.* at PageID.102. Judge Rowe stated that he "indicated to Ms. Essak, that this has gotten out of control and so she simply needs

4

to return the hot tub." *Id.* It appeared from the hearing that Judge Rowe had previously held Essak in criminal contempt, that she was then on probation in connection with that contempt citation, and that her lawyer was withdrawing from her case. *Id.*

Essak requests that the Court enjoin the defendants in her lawsuit from executing Judge Rowe's order, using force to enter her home, "threatening . . . criminal penalties . . . for civil property matters," and "making false statements or relying on false allegations about Plaintiff's possession of weapons or dangerous conduct." ECF No. 6, PageID.87-88. Essak also reports having "filed emergency motions in state court seeking the same relief." *Id.* at PageID.89.

## II. STANDARD

"Under *Younger* abstention, absent unusual circumstances . . . a federal court must decline to interfere with pending state civil or criminal proceedings when important state interests are involved." *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (*citing Younger v. Harris*, 401 U.S. 37, 41 (1971)). The Sixth Circuit looks "to three factors to determine whether a court should abstain from hearing a case under the *Younger* doctrine: (1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill*, 511 F.3d at 643 (*internal quotations removed, quoting Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639

(6th Cir. 1990)). There are exceptions to *Younger* abstention: federal courts will not apply it on a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54.

### III. ANALYSIS

*Younger* abstention requires that the Court deny Essak's Motion for a Temporary Restraining Order.

#### 1. There are On-Going State Judicial Proceedings

The first *Younger* abstention factor is met. *See O'Neill*, 511 F.3d at 643. By Essak's own admission, she seeks to prevent a judgment in an ongoing civil matter from being effectuated. ECF No. 7, PageID.96-97.

#### 2. The State of Michigan has an Important Interest in Enforcing Judge Rowe's Judgment, Along with his Contempt Power

The second requirement for *Younger* abstention is that the ongoing state proceedings implicate important state interests. *O'Neill*, 511 F.3d at 643. The ongoing proceedings Essak hopes to enjoin are those before Judge Rowe, in Case No. 2024-208768-CZ, *Essak v. Sosnowski*. Specifically, Essak asks this Court to enjoin Judge Rowe's order providing that the swim spa at Essak's home may be removed, and that the Oakland County Sheriff's Department will assist in effectuating the court's order. *See* ECF No. 7, PageID.96-97; ECF No. 6, PageID.87-88. Moreover, Essak seeks an order enjoining Judge Rowe from threatening her with sanctions, i.e. contempt. ECF No. 6, PageID.87-88.

The Supreme Court has found that the power of state courts to enforce their judgments, along with their power to hold litigants in contempt, implicates an important state interest. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13-14 (1987) (holding both that courts' contempt power is sufficiently important to justify federal court abstention, and also that "the State's interest in forcing persons to transfer property in response to a court's judgment" is sufficiently important to justify federal court abstention); *see also Kevorkian v. Thompson*, 947 F. Supp. 1152, 1163 (E.D. Mich. 1997) ("Where the requested federal injunction would interfere with the execution of state judgments or contravene a state's interest in its contempt process, *Younger* applies.").

Therefore, Essak moves this Court to interfere in two areas of state law that the Supreme Court finds implicate important state interests. The second requirement for *Younger* abstention is therefore met.

### 3. Essak has an Adequate Opportunity to Raise Constitutional Challenges in State Court

Essak admits that she has "filed emergency motions in state court seeking the same relief" as she does here, which would be an injunction preventing the execution of Judge Rowe's order. ECF No. 6, PageID.89; ECF No. 1, PageID.58. And a brief review online sources indicates that Essak is a prolific litigant in the courts of the State of Michigan. *See Michigan Courts*, https://www.courts.michigan.gov/case-search/?page=1&resultType=cases&sortOrder=Newest&pageSize=10&a

PartyName=rhonda%20essak (search results in "Cases, Opinions & Orders" for "Rhonda Essak," last visited Jul. 24, 2025) (showing six lawsuits in which Essak is a plaintiff). Nothing in the record indicates that Essak is unable to find an adequate opportunity to raise constitutional challenges before courts of State of Michigan.

Therefore, all three of the requirements for *Younger* abstention are present, and preclude this Court from granting Essak the relief of interfering with the execution of a state court judgment.

### 4. The Exceptions to *Younger* Abstention Do Not Apply

Essak recognizes that *Younger* abstention exists. She refers to that doctrine in her Motion, saying that "*Younger* abstention does not apply because: [f]ederal constitutional rights are at immediate risk[,] [b]ad faith prosecution and false allegations present extraordinary circumstances[,] [n]o adequate state forum exists given demonstrated judicial bias[, and] [i]mmediate federal intervention required to prevent irreparable harm. ECF No. 6, PageID.75-76.

It is correct that courts will not apply *Younger* abstention if there is a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54. But Essak has not made this showing. The Court cannot rely on her bare assertions of bad faith, false allegations, and the lack of an adequate state forum, without record evidence of such. Otherwise, the Court could potentially interfere in on-going state proceedings whenever a

dissatisfied state litigant made an unsubstantiated complaint of bad faith. In this case, there is no proof that such conditions exist. Indeed, the record here demonstrates that Judge Rowe handled Essak's case reasonably and respectfully. *See* ECF No. 8.

## IV. CONCLUSION

The doctrine of *Younger* abstention prevents the Court from granting Essak the relief sought in her Motion for a Temporary Restraining Order and Preliminary Injunction. The Court cannot interfere with legitimate ongoing state proceedings, which is what Essak is asking the Court to do. Consequently, Essak's Motion, ECF No. 6, is **DENIED**.

**SO ORDERED.**

Dated: July 25, 2025         /s/Terrence G. Berg
                             HON. TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE