UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA ESSAK,

    Plaintiff,

v.

JOSHUA SOSNOWSKI et al.,

    Defendants.

Case No. 25-11470
Honorable Laurie J. Michelson

---

**ORDER GRANTING EMERGENCY MOTION TO EXPEDITE CONSIDERATION [17] AND DENYING EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER [15]**

---

On May 16, 2025, Rhonda Essak filed this *pro se* lawsuit against thirty parties, including several state judges, an insurance company, individuals with whom Essak has allegedly done business, and the Oakland County Sheriff's Department. (S*ee* ECF No. 1.) While the allegations in Essak's initial complaint were hard to follow, it seemed that her lawsuit centered around a default judgment entered against her in state court requiring her to remove a "hardwired swim spa" from her home. (*Id.* at PageID.56.) She has since filed an amended complaint which provides little clarity. (ECF No. 12.) Essak seemingly adds new parties but entirely removes any factual allegations. Indeed, in her amended "statement of facts," Essak merely compiles a lengthy list of federal and state laws that she alleges Defendants have violated. (*Id.* at PageID.141–147.) To date, the Court has not yet reached Essak's application to proceed *in forma pauperis* (ECF No. 5). Nor has it screened Essak's amended complaint for frivolousness, as will be required under 28 U.S.C. § 1915(e)(2) if the

application is granted. Nonetheless, and without expressing any view regarding the merits of Essak's IFP application or complaint, the Court will address Essak's most recent filings given their alleged emergency nature.

On September 2, 2025, Essak filed an *ex parte* Emergency Motion for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65 (ECF No. 15) along with an Emergency Motion to Expedite Consideration (ECF No. 17). This is her second such request. (ECF No. 6.) The first time, she asked the Court to prevent action by an Oakland County Circuit Court judge. (*Id.*) And the Court denied that request, explaining why it could not interfere with state court actions. (ECF No. 9.) Not heeding or understanding, Essak now requests an order "stay[ing] all probation violation proceedings in Michigan 52-1 District Court case No. 24-000366" and "enjoin[ing] Defendant Judge David Law from presiding over any matters involving [her]." (ECF No. 15, PageID.1108.) As far as this Court can discern, Essak is asking this Court to stay an upcoming probation violation hearing before state district Judge David Law scheduled to take place on September 9, 2025. (*Id.* at PageID.1103 ("September 9, 2025, violation hearing threatens 5-day incarceration of partially disabled mother.").)

A temporary restraining order "is an 'extraordinary and drastic remedy' that 'is never awarded as of right.'" *Robinson v. Long*, 814 F. App'x 991, 994 (6th Cir. 2020) (quoting *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)); *see also Koetje v. Norton*, No. 13-12739, 2013 WL 8475802, at *2 (E.D. Mich. Oct. 23, 2013). It is "reserved only for cases where it is necessary to preserve the status quo until trial." *Enchant Christmas*

*Light Maze & Mkt. Ltd. v. Glowco, LLC*, 958 F.3d 532, 535 (6th Cir. 2020); *see Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974) (explaining that the purpose of an *ex parte* TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). The movant bears a substantial burden of demonstrating entitlement to preliminary injunctive relief, *see Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000), and carries that burden only upon showing that the circumstances "clearly demand it," *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Here, Essak has not met her heavy burden. First, as a threshold issue, she fails to satisfy the requirements of Federal Rule of Civil Procedure 65(b). That rule specifies that the Court may issue a temporary restraining order without notice to the adverse party "only if" (1) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required" and (2) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Essak does not address the first requirement. Nowhere does she describe her efforts to notify any of the Defendants, let alone Judge Law, of her motion for a temporary restraining order, nor does she explain why she is entitled to emergency relief before the Defendants receive such notice.

To be sure, as to the second requirement, Essak advises that (1) she is undergoing a surgical procedure today (September 2) and (2) her daughter has a

surgery planned for tomorrow (September 3) "requiring specialized post-operative care that only [Essak] can provide during the critical 7-10 day recovery window." (ECF No. 15, Page.ID.1104.) But the Court finds it difficult to imagine that Essak did not know of these surgical procedures well in advance of drafting her motion for a TRO. Nor does she explain why these future surgeries prevented her from filing this motion sooner such that notice may have been possible. Thus, by "waiting until the eleventh hour to file this action," Essak seems to have "created the purported emergency here" and has failed to offer "any persuasive explanation in [her] motion as to why [she] waited so long before rushing into federal court and claiming an urgent need for immediate relief." *Kassab v. City of Detroit*, No. 22-12307, 2022 WL 5052640, at *2 (E.D. Mich. Sept. 29, 2022). Such "[l]ast-minute requests for emergency injunctive relief without a convincing explanation for the timing of the request are strongly disfavored." *Jacquelyn S Jordan Trust v. City of Franklin*, No. 22-00326, 2022 WL 1507196, at *1 (M.D. Tenn. May 12, 2022) (denying motion for temporary restraining order).

In sum, the Court finds that Essak failed to satisfy the requirements of Rule 65(b)(1) and to convince this Court that this extraordinary relief should be granted without giving the other side notice and an opportunity to respond.

But even setting aside the *ex parte* nature of Essak's request, the Court finds that it still must deny Essak's motion under the doctrine of *Younger* abstention. The Court notes that the Judge previously assigned to this case denied Essak's prior

request for a TRO due to very similar reasons.[1] (*See* ECF No. 9.) In any event, to aid in Essak's understanding, the Court will briefly restate that applicable reasoning here.

"Under *Younger* abstention, absent unusual circumstances . . . a federal court must decline to interfere with pending state civil or criminal proceedings when important state interests are involved." *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)). The Sixth Circuit looks "to three factors to determine whether a court should abstain from hearing a case under the *Younger* doctrine: (1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* at 643 (internal quotation marks omitted).

All three factors are present here. First, by Essak's own admission, she seeks a judgment from this Court that would prevent a hearing—an "ongoing proceeding"—from happening in state court. Second, Essak asks this Court to involve itself in an ongoing criminal proceeding by preventing Judge Law from holding a probation violation hearing. And state criminal prosecutions implicate important state interests. *See Doe v. Univ. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017); *Leveye v.*

---

[1] As mentioned, Essak's previous emergency motion for a temporary restraining order and preliminary injunction (ECF No. 6) sought relief related to the state court civil proceedings at issue in her complaint—that is, the default judgment entered against her in state court requiring her to remove her "hardwired swim spa." In contrast, Essak's instant emergency motion for a temporary restraining order seems to seek relief in connection with an unrelated state court criminal proceeding.

5

*Metro. Pub. Def.'s Off.*, 73 F. App'x 792, 794 (6th Cir. 2003) ("[T]he criminal case implicated an important state interest, as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere."). Finally, nothing in the record indicates that Essak has even attempted to raise her constitutional claims in state court or has gone to any higher state court to obtain the relief she is seeking here. And "when a litigant has not attempted to present h[er] federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

There are exceptions to *Younger* abstention: federal courts will not apply it on a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54. None apply here. Essak disagrees, stating that: (1) a judge "prosecuting his own federal plaintiff while she undergoes medical procedures constitutes extreme bad faith," (2) "[p]unishing [a] disabled assault victim[] for exercising federal rights violates the Constitution and ADA" and is harassment, and (3) her "undergoing spinal treatment today facing incarceration by defendant judge" is an unusual or extraordinary circumstance that necessitates federal intervention. (ECF No. 15, PageID.1108.) These arguments do not persuade. For one, Judge Law is not "prosecuting" anyone, nor does his adjudication of a state court criminal proceeding assigned to him demonstrate "bad faith." For two, Judge Law has not issued any ruling yet and it is certainly not for a federal court to intervene because a litigant fears the impending ruling. For three, Essak's reference

6

to herself as an "assault victim" who was simply arrested for "exercising [her] federal rights" does not demonstrate harassment but rather is an attempt to litigate the merits of the underlying state criminal proceeding. And last, while Essak's spinal procedure may indeed be reason to reschedule her September 9 hearing, that is not for this Court to decide. Nor is it a valid exception to the doctrine of *Younger* abstention.

Thus, the doctrine of *Younger* abstention prevents the Court from granting Essak the relief sought in her Motion for a Temporary Restraining Order. The Court cannot interfere with legitimate ongoing state proceedings, which is exactly what Essak is asking the Court to do. Consequently, Essak's motion to expedite consideration (ECF No. 17) is GRANTED and her motion for a TRO (ECF No. 15) is DENIED.

SO ORDERED.

Dated: September 3, 2025

                                                    s/Laurie J. Michelson
                                                    LAURIE J. MICHELSON
                                                    UNITED STATES DISTRICT JUDGE