UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA ESSAK,

     Plaintiff,

v.

JOSHUA SOSNOWSKI et al.,

     Defendants.

Case No.  25-11470
Honorable Laurie J. Michelson

---

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE STATE COURT JUDGMENTS [13]

---

*Pro se* Plaintiff Rhonda Essak recently filed 239 pages under the heading "Motion to Vacate State Court Judgments for Fraud on the Court, Judicial Disqualification, and Emergency Injunctive Relief" (ECF No. 13.) Therein, Essak cites numerous provisions of state and federal law in a conclusory manner, including, but not limited to: the supremacy clause, the takings clause, the fourth amendment, "the Civil Rights Acts," Michigan's state constitution, and various federal and state criminal statutes. (*See id.*) There are several issues with this motion.

To start, the Court has not yet ruled on Essak's pending application to proceed *in forma pauperis.* (*See* ECF No. 21, PageID.1221.) Thus, the defendants have not yet been served or given any opportunity to respond to either Essak's complaint or the pending motion. As such, this is not an appropriate time for such a filing.

Second, none of these provisions grant this Court authority to vacate a state court judgment as requested. Indeed, Essak will likely need to engage with the *Rooker*

*Feldman* doctrine under which "federal courts lack subject matter jurisdiction to review the decisions of state courts." *Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008) (citing *D.C. Ct. of App. v. Feldman,* 460 U.S. 462, 476 (1983) and *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923)); *see also McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) ("If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.").

Lastly, as mentioned, much of the motion simply identifies causes of action and lists some cases that might address them. But "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey,* 125 F.3d 989, 995–96 (6th Cir. 1997). Essak's filing does just that.

For these reasons, therefore, the motion (ECF No. 13) is hereby DISMISSED WITHOUT PREJUDICE.


IT IS SO ORDERED.

Dated: September 24, 2025


s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

2